## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AMERICAN CASUALTY COMPANY OF       )
READING, PENNSYLVANIA,             )
                                   )
       Plaintiff,                 )
                                   )    Case No. 8:13-cv-622-JDW-TBM
       v.                         )
                                   )
SUPERIOR PHARMACY, LLC, HILDA      )
ANADIUME, IKE OKEKE, YVONNE OKEKE, and )
FLORIDA FIRST FINANCIAL GROUP, INC. )
                                   )
       Defendants.                )

## DEFENDANTS' JOINT SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO NOVEMBER 20, 2014 ORDER

In its November 20, 2014 Order, the Court directed defendants to file a short response to Plaintiff's contention that the underlying common law conversion claim falls within subsection c of the "Violation of Statutes" exclusion. Subsection c reads: "Any **statute, ordinance or regulation** other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distributing of material or information." (emphasis added).  As the common law conversion claim does not involve a statute, ordinance or regulation, damages arising out of Superior Pharmacy's alleged commission of that common law tort cannot and do not arise out of "a statute, ordinance or regulation that prohibits or limits the sending, transmitting, communicating or distributing of material or information."

"A statute is a form of positive law enacted by the legislative branch of government." *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A*., 896 So.2d 787, 791 (Fla. 2nd DCA 2005). "Similarly, an ordinance is a form of statutory law enacted by a local governmental body, such as a county commission or city council." *Id.* "A regulation is synonymous to a rule enacted

pursuant to the administrative law process; a rule or regulation comes into being as a result of a legislative grant of authority to an executive branch department or agency." *Id.*

Common law claims, on the other hand, originate with the courts. *See, e.g., City of Miami v. Bethel*, 65 So.2d 34, 35 (Fla. 1953). Conversion is a common law tort. *See, e.g., Heldenmuth v. Groll*, 128 So.3d 895, 896 n.2 (Fla. 4th DCA 2013). Court-issued common law creating and defining a claim for conversion is not a "statute," "ordinance," or "regulation." At least one Court has specifically rejected the argument that common law conversion claims fall within subsection "c" of this exclusion. *See Acuity Ins. Co. v. Blackhawk Paving, Inc.*, Case No. 08 CH 35830 (Cir. Ct. of Cook Cty., June 1, 2012) (order on reconsideration) (attached as Exhibit 1).

As discussed at pp. 13-15 of Defendants' Response brief, if American Casualty wished to include all claims based on unsolicited communications, as other insurers did, it could have. It elected instead to exclude only claims based on violations of statutes, ordinances and regulations dealing with unsolicited communications. By its terms, American Casualty's "Violation of Statutes" exclusion does not reach common law claims such as the tort of conversion.

Plaintiff appears to urge this Court to adopt the reasoning in *James River*[1], where the court found the alleged conversion claims were premised on a violation of the TCPA. Plaintiff's argument is without merit because, as discussed, conversion as alleged in the instant case is a common law tort that is not premised on nor arises out of the TCPA, but occurred regardless of any statutory provision.

The underlying complaint alleged that it "brings this Count II for conversion under the common law" in accordance with Section 365.1657, Fla. Stat. The use of the term "in

---

[1]  *James River Ins. Co. v. Med Waste Mgmt., LLC,* No. 13-cv-23608 (S.D. Fla. Sept. 22, 2014).

accordance with" in this situation, where that statute does not even provide for a private cause of action, merely means that the plaintiff's common law conversion claim is in harmony with Section 365.1657[2] for purposes of damages. A finding to the contrary would be inconsistent with Florida law.[3]

To the extent that reference to a statute could cause that claim to be inartfully pled, moreover, the underlying case is still in its early stage and may still be amended.[4] Thus, the issue is not ripe for judgment since the underlying complaint can be amended to remove any statutory reference in the common law conversion claim.

In any event, Fla. Stat Section 365.1657 is not a statute governing the communication of information. Only the TCPA is. And as discussed previously, American Casualty is asking this Court to ignore well-settled law that the allegations in the underlying Complaint trigger its duty to defend. As is pled in the underlying case, a circumstance could arise in which the finder of fact concludes that the transmissions at issue did not violate the TCPA, but did constitute common law conversion (*i.e.*, unsolicited faxes that: (1) are not advertisements or (2) were sent to recipients with existing business relationships). If the fact finder makes such a finding, the Violation of Statutes exclusion would not apply because the fact finder would have specifically found that the faxes did not violate the only statute implicated in the underlying claim. For that reason the Motion should be denied.

---

[2]    *Section 365.1657, Fla. Stat.* prohibits transmission of unsolicited advertising faxes within the state and is only enforceable by the Attorney General.

[3]    In *Pridgen v. Bill Terry's Inc.*, 478 So.2d 837 (Fla. 1st DCA 1985), the court concluded that use of the term conversion in an exclusion is not clear and unambiguous because it is not necessarily limited to its statutory definition, and disagreed with *Nat'l Union Ins. Co. v Carib Aviation*, 759 F.2d 873 (11th Cir. 1985) that the word conversion in an insurance policy referred to both civil and criminal conversion under the Florida Anti-Fencing Act.

[4]    The Class has not even been certified yet.

Respectfully submitted,

FLORIDA FIRST FINANCIAL GROUP, INC.

s/Ryan M. Kelly
One of its Attorneys

Ryan M. Kelly, FL Bar No. 90110
David M. Oppenheim (admitted *pro hac vice*)
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-358-1500
Facsimile:  847-368-1501
rkelly@andersonwanca.com
doppenheim@andersonwanca.com

Michael C. Addison, FL Bar No. 0145579
Addison & Howard, P.A.
400 N. Tampa Street, Suite 1100
Tampa, FL  33602
Telephone:  813-223-2000
Facsimile:  813-228-6000
m@mcalaw.net

Phillip A. Bock, FL Bar No. 93895
Bock & Hatch, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555
phil@bockhatchllc.com

IKE OKEKE and YVONNE OKEKE

s/Jonathan N. Zaifert
Their Attorney

Jonathan N. Zaifert, FL Bar No. 14100
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
109 N. Brush Street, Suite 500
Tampa, FL  33602
Telephone:  813-229-7007
Facsimile:  813-223-6544
jzaifert@rywantalvarez.com

SUPERIOR PHARMACY, LLC and HILDA ANADIUME

s/Jean-Jacques A. Darius
Their Attorney

Jean-Jacques A. Darius, FL Bar No. 0997780
J. Jacques A. Darius, P.A.
14502 N. Dale Mabry Hwy., Suite 200
Tampa, FL  33618
Telephone:  813-930-2222
Facsimile:  813-930-2121
jdarius@earthlink.net

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 28, 2014</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


s/Ryan M. Kelly